Filed 2/27/23  Tan v. Merrill CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| REGLITA C. TAN,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL MERRILL et al.,<br><br>　　　Defendants and Respondents. | A163406<br><br>(Marin County<br>Super. Ct. No. CIV1904329) |

Reglita Tan, the primary beneficiary of a survivor's trust created by Paul and Lee Pollexfen, brought suit for legal malpractice against widow Pollexfen's estate planning attorneys, Michael Merrill and his law firm Merrill, Arnone & Jones, LLP, alleging they were negligent in drafting amendments to the late Mrs. Pollexfen's estate planning documents.  The malpractice, Tan alleged, led to probate court litigation that caused her to incur attorney fees.  It also, she alleged, resulted in her obtaining an unfavorable judgment—one granting her title to real property located in Sausalito, California that was encumbered with indebtedness though she was supposed to receive the property free and clear of all indebtedness.

The trial court sustained defendants' demurrer to the first amended complaint on statute of limitations grounds.  Tan now appeals, arguing that the complaint was timely filed and that, even if it was not, leave to amend

1

should have been granted. We reject these arguments and affirm the judgment.

## BACKGROUND

### A.

A cause of action for legal malpractice must be filed within the earlier of "four years from the date of the wrongful act or omission" or "one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." (Code Civ. Proc., § 340.6, subd. (a).) But the limitations period "shall be tolled" in various situations, including during the time "[t]he plaintiff has not sustained actual injury." (*Id*., subd. (a)(1).)

The test for actual injury is whether the plaintiff has sustained any damages compensable in a legal malpractice action against an attorney. (*Jordache Enters., Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 751 (*Jordache*).) Under this standard, the fact of damage, not the amount, is the critical factor. (*Id*. at p. 752.) Attorney fees incurred as a result of an attorney's alleged malpractice constitutes actual injury, sufficient to end the period of tolling. (See, e.g., *Truong v. Glasser* (2009) 181 Cal.App.4th 102, 114.)

### B.

Our recitation of facts is based upon the well-settled standard of review for an order sustaining a demurrer. Our review is de novo, accepting as true all material facts properly pled and matters that may be judicially noticed, and disregarding contentions or conclusions of law. (*290 Division (EAT), LLC v. City and County of San Francisco* (2022) 86 Cal.App.5th 439, 450.)

## C.

In November 1994, Jack and Lee Pollexfen executed a revocable living trust that was to be divided into three sub-trusts upon the death of the first spouse:  a Survivor's Trust, a Marital Trust and a Credit Shelter Trust.

Following Jack Pollexfen's death in November 2003, Lee Pollexfen created and funded the three sub-trusts.  The main asset of the Survivor's Trust is real property located at 48-50 Bulkley in Sausalito, California.  Tan is its primary beneficiary.

In 2011, Lee Pollexfen retained the services of defendants to amend her estate planning documents.  Tan alleges that Lee Pollexfen asked defendants to amend her estate planning documents to ensure Tan would receive distribution of the property free and clear of all mortgages and encumbrances.

Lee Pollexfen died in September 2016.

Tan alleges that following Lee Pollexfen's death, Tan became the subject of litigation by various family members and another beneficiary (Pollexfen's former hairdresser) challenging Tan's right to receive any distribution from the estate.  Documents judicially noticed by the trial court reflect that they included:  a probate action filed on April 18, 2017, that led to Tan's removal as trustee of the Marital Trust and Credit Shelter Trust and the appointment of a successor trustee; a civil lawsuit filed against Tan on June 30, 2017, for financial elder abuse, breach of fiduciary duty and fraud; another probate court case commenced against Tan on November 28, 2017, that led to her removal as trustee of the Survivor Trust; and a probate action filed on August 1, 2018, that involved a contest to Lee Pollexfen's will.

In addition, on April 11, 2018, Tan herself filed suit in probate court, petitioning for instructions under the trust and to compel payment to the

Survivor's Trust of an amount sufficient to pay off all loans on the property. She alleged that, beginning with a fourth amendment to the Survivor's Trust, Lee Pollexfen exercised a limited power of appointment to direct that Tan receive the property free and clear of encumbrances, but that the trustee of the Marital Trust and Credit Shelter Trust was asserting that Lee Pollexfen lacked the power under her limited power of appointment to pay off creditors through those trust assets. Attached as exhibit J to the petition was a letter dated March 7, 2018, from the successor trustee's counsel to Tan's counsel asserting that the provision of Lee Pollexfen's will purporting to dispose of the Marital Trust assets and Credit Shelter Trust assets for that purpose was invalid under the terms of the original Living Trust. "As such," the trustee's counsel wrote, "the trustee will ignore such provisions and will distribute the funds to the remainder beneficiaries of the trust" and not to Tan. Tan sought a judgment interpreting the various trust instruments and compelling the successor trustee to make distributions from the two sub-trusts on her behalf equal to the encumbrances on the property. In substance, as construed by the probate court, her petition sought either (1) a finding that the original Living Trust authorized the will provision defendants drafted that purported to pay the surviving spouse's debts from the Marital and/or Credit Shelter Trust assets, or (2) reformation of the will to provide for a pecuniary gift to Tan out of those trust assets instead, in an amount equal to the encumbrances on the property.

On September 26, 2018, the probate court issued a tentative decision only partially in her favor. It found that the challenged will provision defendants had drafted was invalid for the reasons asserted by the successor trustee (i.e., because it exceeded Lee Pollexfen's authority under her limited power of appointment as the surviving spouse to dispose of the assets in the

4

Marital Trust and Credit Shelter Trust). But it ruled tentatively that the will could be reformed to accomplish the same result, by means of making a pecuniary gift to Tan in the amount of the encumbrances.

Two months later, on November 26, 2018, the probate court issued a final statement of decision. It again concluded the will provision purporting to require the payoff of encumbrances that defendants drafted is invalid and that, although Lee Pollexfen's intent to provide the property to Tan free and clear of encumbrances was clear, the will could not be reformed. It entered an adverse judgment against Tan the same date, denying her request for monetary relief.

Tan brought suit a year later on November 25, 2019, alleging defendants negligently drafted amendments to the trusts and Lee Pollexfen's will. She alleged that Tan, as the primary beneficiary of those instruments, had been deprived of her rightful inheritance and full distribution from the trusts, as a result of the November 26, 2018 judgment that prevented her from receiving distribution of the property free of encumbrances "as promised," "and has caused her to incur unnecessary attorney's fees and costs." She alleged she suffered damages in the form of the diminished value of her inheritance and attorney fees and costs.

She then entered into a stipulation reserving the right to seek as damages the attorney fees she had incurred in the probate case she brought as well as those previously incurred in the other related cases that had been brought against her.

Defendants answered and then moved for judgment on the pleadings, arguing the sole cause of action was time-barred. They argued, among other things, that Tan was seeking as damages attorney fees she had incurred in lawsuits that had been commenced as early as April 18, 2017, and thus was

5

actually injured more than one year before she filed suit. The court took judicial notice of various pleadings from the other actions, granted the motion for judgment on the pleadings and granted Tan leave to amend her complaint.

Tan filed a first amended complaint alleging the facts with greater specificity. She now alleges that the probate court's judgment prevented the distribution to her free and clear of all encumbrances based upon a mistake caused by defendants that the probate court declined to correct. She also alleges that, in order to avoid a forced sale of the property, she was forced to enter into a settlement of the other litigation that was tentatively reached in June 2019 and the settlement required her to pay $550,000 in attorney fees on behalf of the Survivor's Trust. She again alleges that defendants' negligence prevented her from receiving the property free and clear of all encumbrances, "and has caused her to incur unnecessary attorney's fees and costs."

Defendants demurred, arguing again the action is time-barred, including because Tan stipulated that she is seeking as damages the attorney fees she had incurred in lawsuits commenced as early as April 18, 2017, which constitutes actual injury.

The court sustained the demurrer without leave to amend. It ruled Tan was aware of defendants' mistake as of August 23, 2018, when she filed her petition to reform the trust, which was more than one year before she brought suit, and her complaint alleges she has incurred unnecessary attorney fees and costs as a result of defendants' negligence. This timely appeal followed.

6

# DISCUSSION

## I.

Tan argues the court erred in sustaining the demurrer because she was not injured until the probate court's adverse judgment was entered against her on November 26, 2018, less than one year before she commenced this suit, because it was only then that the amended estate planning documents failed to achieve their intended effect as a matter of law. She contends she could not have brought a malpractice claim any earlier because she had suffered no actual injury until that time. We do not agree.

There is no "general rule tolling the limitations period until a related lawsuit establishes a causal connection between attorney error and resulting injury." (*Jordache, supra*, 18 Cal.4th at p. 754.) "Actual injury refers only to the legally cognizable damage necessary to assert the cause of action. There is no requirement that an adjudication or settlement must first confirm a causal nexus between the attorney's error and the asserted injury. The determination of actual injury requires only a factual analysis of the claimed error and its consequences." (*Id*. at p. 752.) This inquiry asks "whether 'events have developed to a point where plaintiff is entitled to a legal remedy, not merely a symbolic judgment such as an award of nominal damages.' " (*Ibid*.) "[O]nce the plaintiff suffers actual harm, neither difficulty in proving damages nor uncertainty as to their amount tolls the limitations period." (*Ibid*.) It is "the fact of damage, rather than the amount, [that] is the critical factor." (*Ibid*.)

Under this standard, as noted, "[A] plaintiff sustains 'actual injury' when he or she incurs attorney fees to rectify the problem caused by the prior attorney's alleged negligence." (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011)

7

195 Cal.App.4th 265, 275-276; see, e.g., *Jordache, supra*, 18 Cal.4th at p.754 [expenditure of attorney fees to defend litigation as a result of attorney negligence held actual injury].)

Here, Tan alleges that shortly after Pollexfen died in 2016, she "became the target of litigation by Ms. Pollexfen's nieces and nephew as well as her former hairdresser," in multiple cases that "challenged her right to receive any distribution, removed her as successor trustee of the three trusts, and sought civil damages against her as well." Court records judicially noticed by the trial court indicate that the earliest such case was filed on April 18, 2017, and the last one (a will contest) on August 1, 2018. Tan alleges she eventually was "forced" to settle with those parties (tentatively in 2019, and then finally approved by the probate court in January 2020) in order to avoid a forced sale of the property. She alleges that defendants' negligence "has caused her to incur unnecessary attorney's fees and costs," which she previously stipulated also included attorney fees incurred in those other cases.

Regardless of the outcome of the probate case she herself initiated, the attorney fees she incurred in the earlier filed cases and now seeks as damages constitute actual injury sufficient to end the tolling period. (See *Sindell v. Gibson, Dunn & Crutcher* (1997) 54 Cal.App.4th 1457, 1466-1473 [heirs suffered actual injury by incurring attorney fees to defend litigation resulting from estate planning attorney's alleged negligence, regardless of litigation's outcome].) Because she began incurring those fees far earlier than one year before she filed this malpractice lawsuit, the tolling period had long since expired.

At the least, Tan suffered actual injury no later than in March 2018, when the successor trustee asserted that the will provision authorizing the

8

use of sub-trust assets to pay off encumbrances on the property was invalid, and Tan was forced to incur attorney fees to respond to that claim by bringing suit in probate court.  (See *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557, 575.)  " '[T]he mere fact of such litigation is [an] unwanted consequence'—hence, the 'actual injury'—for which the negligent lawyers are responsible." (*Ibid.*; accord, *Truong v. Glasser*, *supra*, 181 Cal.App.4th at pp. 111-115 [tolling period ended when plaintiffs were required to hire and pay counsel to file suit in an effort to "escape the consequences" of prior attorney's alleged transactional malpractice, not later when the litigation concluded adversely to the plaintiffs].)  Had she won the probate court case, it would merely have diminished her damages, not extinguished them.  (See *Jordache*, *supra*, 18 Cal.4th at p. 753; *Sindell v. Gibson, Dunn & Crutcher*, *supra*, 54 Cal.App.4th at p. 1471.)

In contending she was not actually injured until the probate court case concluded, Tan relies principally on *Sirott v. Latts* (1992) 6 Cal.App.4th 923 (*Sirott*) and *Baltins v. James* (1995) 36 Cal.App.4th 1193 (*Baltins*), disapproved in *Jordache, supra*, 18 Cal.4th at p. 761, fn.9, but neither supports a contrary result.

"*Sirott* does not support a general rule that judicial determinations are necessary precursors to actual injury." (*Jordache*, *supra*, 18 Cal.4th at p. 759.)  On the contrary, it acknowledged the principle, applicable here, that a plaintiff "suffers damage when he is compelled, as a result of the attorney's error, to incur or pay attorney fees." (*Sirott*, *supra,* 6 Cal.App.4th at p. 928.)  It held that a client had incurred actual injury not just when litigation confirmed that its attorney had erred by giving it bad advice, but also earlier when the client had been forced to incur attorney fees as a result of the attorney's negligence.  (*Id.* at p. 929; see also *Jordache*, at p. 759 [construing

9

*Sirott*].) That is also what happened here. *Sirott*'s alternative holding—that the client was actually injured when an arbitration award was entered against it that proved the attorney's advice had been wrong (*Sirott*, at pp. 929-930)—was neither necessary to the decision nor dispositive. (See *Jordache*, at p. 759 [describing that aspect of *Sirott* as "comments"].)

Furthermore, the Supreme Court has indicated that this latter aspect of *Sirott* upon which Tan relies is analytically flawed. The Court explained that, as practical matter, it reflects application of the delayed discovery rule, not actual injury. (See *Jordache, supra*, 18 Cal.4th at p. 759.) But here, Tan is not relying on a theory of delayed discovery of defendants' negligence to overcome the statute of limitations defense. Nor could she. It was certainly clear no later than the probate court's tentative decision of September 28, 2018, that defendants had drafted a will provision that was invalid under the terms of the original Living Trust, yet she filed suit more than one year later. (See Code Civ. Proc., § 340.6, subd. (a).)

*Baltins* does not support reversal either. In that case, the client in a divorce case was held to have suffered actual injury when the family court held him liable for improperly disposing of community assets on his attorney's advice. (*Baltins*, *supra*, 36 Cal.App.4th at pp. 1198, 1208.) The client did not allege he incurred any attorney fees as a result of the attorney's negligent advice, however. Unlike the plaintiff in *Baltins*, Tan "expended attorney fees as a direct result of [defendants'] alleged negligence well before the resolution of any collateral judicial action." (*Jordache*, *supra*, 18 Cal.4th at p. 762 [distinguishing *Baltins*].)

Finally, in her reply brief, Tan invokes the rule announced by *ITT Small Business Finance Corp. v. Niles* (1994) 9 Cal.4th 245, that "in transactional legal malpractice cases, when the adequacy of the

10

documentation is the subject of dispute, an action for attorney malpractice accrues on entry of adverse judgment, settlement, or dismissal of the underlying action," which is when the malpractice actually causes harm. (*Id*. at p. 258.) Thus, Tan argues, her action is timely. This misstates the law: *ITT* has been overruled. (*Jordache, supra*, 18 Cal.4th at pp. 762-763.)

The trial court did not err in sustaining defendants' demurrer to the first amended complaint.

## II.

Tan also contends the court abused its discretion in denying her leave to amend the complaint another time.

" 'When a demurrer is sustained without leave to amend, it is the duty of the reviewing court to decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can, the trial court abused its discretion and we must reverse. If it cannot be reasonably cured, there has been no abuse of discretion. [Citation.] It is the plaintiff's burden to show the reviewing court how the complaint can be amended to state a cause of action.' " (*290 Division (EAT), LLC v. City and County of San Francisco, supra,* 86 Cal.App.5th 439, 450.)

Tan has not met her burden to show how she could amend her complaint to overcome the limitations bar. She contends she should have been allowed to amend the complaint "if it was uncertain or ambiguous as to the operative facts," but it wasn't. She argues she could allege with greater specificity various alternative legal theories she asserted in the probate matter that "should have been followed by the [probate] Court" and did not rely on a theory of mistakes or drafting errors by defendants. But such factual allegations would not eliminate the problem, which is that defendants' alleged negligence required her to incur attorney fees to file (and

11

defend) litigation to rectify the consequences of negligently drafted estate planning documents.  That negligence gave the successor trustee (and, allegedly, other adversarial parties) claims they would not otherwise possess to try to defeat Lee Pollexfen's bequest to Tan.  Regardless of whether they prevailed, Tan was injured.  (See *Jordache*, *supra*, 8 Cal.4th at p. 761 [client actually injured by alleged malpractice that gave adversary "an objectively viable defense" that it "raised immediately" and caused client to incur legal fees].)

Because that defect could not reasonably be cured by amendment, the trial court did not abuse its discretion in denying Tan further leave to amend her complaint.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs.

_____

STEWART, P.J.


We concur.


_____

RICHMAN, J.


_____

MARKMAN, J. *


_Tan v. Merrill_ (A163406)

_____

\* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13